IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICKY RONNELL EWING                                                                  PLAINTIFF

VERSUS                                                        CIVIL ACTION NO.  1:16cv76-LG-RHW

AUSTIN WILLIAM                                                                       DEFENDANT

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* prisoner civil rights complaint filed March 2, 2016, pursuant to 42 U.S.C. § 1983, by Ricky Ronnell Ewing, claiming that on January 21, 2016, while he got his tray to eat, he was "assaulted by [Corrections Officer] William, was call (*sic*) all types of N-words, dick suckers and everything else and was push (*sic*) to the wall."  [1, ¶ III]  Ewing seeks to be paid for "all of [his] pain and suffering ... and to be release (*sic*)" from prison.  [1, ¶ IV]  Ewing was granted *in forma pauperis* status in this case pursuant to 28 U.S.C. § 1915.  [6]

It has come to the attention of the undersigned that Ewing has, on not less than three occasions while incarcerated, brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  For the reasons stated below, and in accordance with 28 U.S.C. § 1915(g), the undersigned recommends revocation of Ewing's *in forma pauperis* status.

### DISCUSSION

On April 26, 1996 the Prison Litigation Reform Act (PRLA), Pub. L. No. 104-134, 110 Stat. 1321 (1996) became law.  The PLRA modifies the requirements for proceeding *in forma pauperis* in federal courts.  Among other things, a prisoner's privilege to proceed *in forma*

1

*pauperis* is revoked if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g).[1] The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F. 3d 383, 386 (5th Cir. 1996) (counting as a "strike" a district court's dismissal, prior to enactment of the PRLA, of a frivolous § 1983 claim).

Ewing is a prolific filer, who has stated he has "about 25 lawsuits already pending." *See Ewing v. Banks, et al.*, 1:15cv298-RHW, Document [47, pp. 2, 6]. As of the date of this order he has at least nine lawsuits presently pending in this Court.[2] Ewing has, on not less than three occasions, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted, to-wit: *Ewing v. Jone, et al.*, 1:15cv254-HSO-JCG, dismissed as malicious February 1, 2016;

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] *Ewing v. May, et al.*, 3:14cv474-LRA filed 6/17/2014; *Ewing v. Woodall, et al.*, 1:15cv253-LG-RHW filed 8/3/2015, Report and Recommendation filed 11/2/2016 recommending that summary judgment be granted and the case dismissed; *Ewing v. Peabody, et al.*, 1:16cv46-HSO-JCG filed 2/16/2016; *Ewing v. Peabody, et al.*, 1:16cv52-HSO-JCG filed 2/16/2016; *Ewing v. Sanford*, 1:16cv56-HSO-JCG filed 2/19/2016; *Ewing v. Richie, et al.*, 1:16cv90-HSO-JCG filed 3/10/2016, partial dismissal and a strike assessed on 5/17/2016, pending motion for summary judgment for failure to exhaust as to remainder of case; *Ewing v. Taylor*, 1:16cv93-HSO-JCG filed 3/10/2016, Report and Recommendation filed 11/17/2016 recommending that summary judgment be granted and the case dismissed for failure to exhaust; *Ewing v. Frost*, 1:16cv121-LG-RHW filed 4/11/2016 pending motion for summary judgment for failure to exhaust; *Ewing v. Horn*, 1:16cv122-LG-RHW, filed 4/11/2016, Report and Recommendation filed 11/4/2016 recommending that summary judgment be granted and the case dismissed for failure to exhaust. In addition, the Court dismissed *Ewing v. Banks, et al.*, on 11/17/2016 for failure to exhaust administrative remedies.

*Ewing v. Cooley*, 1:15cv277-HSO-JCG, dismissed as frivolous and for failure to state a claim April 11, 2016; *Ewing v. Richie*, 1:16cv90-HSO-JCG, partial dismissal on May 17, 2016 for failure to state a claim as to two defendants.  *See, e.g.*, *Flentroy v. Thaler*, 581 F. App'x 358, 359 (5th Cir. 2014) (partial dismissal qualifies as a strike).  As a result, Ewing has accumulated three strikes under 28 U.S.C. § 1915.  He is therefore not entitled to proceed *in forma pauperis*, and revocation of his *in forma pauperis* privilege is appropriate, unless the present action satisfies the imminent danger exception to the rule.  *Adepegba*, 103 F.3d at 387.

The imminent danger exception to the three-strike rule allows a prisoner to proceed *in forma pauperis* in cases where he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) ("a prisoner with three strikes is entitled to proceed with his action . . . only if he is in imminent danger at the time that he seeks to file his suit in district court or . . . files a motion to proceed IFP").  "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).  The allegations of Ewing's complaint, that Defendant called him names and pushed him to the wall, do not bring this case within the exception.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Ewing's *in forma pauperis* status be revoked in this case, and that he be required within thirty (30) days of the adoption of this recommendation, to pay the required filing fee to the Clerk, or have this case dismissed for want of prosecution under FED.R.CIV.P. 41(b)**.**

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 22nd day of November, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE